IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-00113-01-CR-W-NKL |
| | ) | |
| TODD BARKAU, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

On September 24, 2009, defendant Todd Barkau entered a plea of guilty to a charge of commercial sex trafficking of a minor. On December 23, 2009, defense counsel filed a Motion for Competency Examination to Determine Whether Defendant is Capable of Understanding the Nature of the Proceedings Against Him and Whether He is Capable of Assisting in His Own Defense. (Doc. #94) Based upon the information presented in the motion, the Court ordered the defendant to undergo a psychiatric examination pursuant to 18 U.S.C. § 4241.

The Court is in receipt of a Forensic Evaluation regarding defendant Barkau prepared by Rebecca E. Perkins, Psy.D., Sex Offender Forensic Psychologist, dated April 9, 2010. The Court scheduled a hearing on the issue of defendant's competency for June 10, 2010. On June 9, 2010, the parties filed a Stipulation and Waiver of Hearing Regarding Competency of Defendant Todd Barkau. (Doc. #111) The Stipulation states in part: "The parties have reviewed the report in its entirety and hereby stipulate to the report in its entirety. ... The parties hereby agree that [the] hearing can be waived and that the Court may adopt the report in its entirety and that no additional evidence will be presented on the issue of competency." (Doc. #111 at ¶¶ 4 and 5)

In the Forensic Evaluation, Dr. Perkins found:

> Mr. Barkau is diagnosed with three sexual disorders, two substance abuse disorders, and a mood disorder. However, his mental status is judged to be stable at the current time and he presented as essentially asymptomatic during the entire evaluation period. He was also found to be malingering symptoms of mental impairment, so it is difficult to determine the extent and nature of his psychological difficulties. His symptom severity may be mitigated by abstinence form substance abuse and psychotropic medication compliance; however he was inconsistent with taking his psychotropic medication during his time at this institution, yet remained asymptomatic.
>
> In conclusion, it is the undersigned's opinion that although Mr. Barkau has been diagnosed with mental disorders, there is no evidence to suggest that any of these are severe enough to render him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist counsel in his defense.

(Forensic Evaluation at 14)

Based upon the information before the Court, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Barkau is not currently suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceedings against him or assisting in his defense and that he is competent.

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                    */s/ Sarah W. Hays*
                                                    SARAH W. HAYS
                                       UNITED STATES MAGISTRATE JUDGE